IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN
DIVISION

| | |
|---|---|
| JASON MATHISON,<br><br>                Plaintiff,<br>v.<br><br>CLC CONSUMER SERVICES, and LITTON LOAN SERVICES,<br>                Defendant. | MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>Case No. 1:10-cv-00079<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

       This matter was referred to Magistrate Brooke C. Wells by District Judge Dee Benson pursuant to 28 U.S.C. §636(b)(1)(A)[1]. At present, before the Court is Defendant Litton Loan Services' ("Litton") Motion for Protective Order[2] which seeks to protect Litton from being required to respond in entirety to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions and Requests for Production of Documents[3]. The Court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of written memoranda and finds that oral argument would not be helpful or necessary. See DUCivR 7-1(f).

## BACKGROUND

       A two-day bench trial is currently scheduled in this case for February 12, 2013. On January 27, 2012, based upon agreement of the parties, a Fourth Amended Scheduling Order was ordered[4]. The Fourth Amended Scheduling Order included an extension of the fact discovery deadline to March 30, 2012. On April 9, 2012, Plaintiff served its first set of discovery requests upon Litton. Thus, because

---

[1] Docket No. 43.

[2] Also, currently pending before Judge Benson is Litton's Motion for Judgment on the Pleadings. Docket No. 39, with a hearing set for that Motion on August 6, 2012, Docket No. 47.

[3] Docket No. 37.

[4] Docket No. 32.

Plaintiff's discovery requests were propounded after the fact discovery deadline had lapsed, Litton now requests a protective order that prevents Litton from responding to these discovery requests[5]. For its part, Plaintiff suggests that the reason why he did not propound the discovery requests until after the fact discovery deadline had lapsed is because "[f]or some time, there were active settlement negotiations between Plaintiff and at least one of the Defendants, during which time this action was essentially put on hold as the parties were optimistic they could get the matter resolved.[6]" In addition, as an additional basis for its argument that Litton not be required to respond to Plaintiff's discovery requests, Litton asserts within its Motion for Protective Order, that Plaintiff has failed to serve any initial disclosures.

### DISCUSSION

Rule 26(c)(1) provides in pertinent part that "the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure of discovery; (B) specifying the terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[7]…"

By requesting that Litton not be required to respond to Plaintiff's untimely written discovery requests or at the very least that the Court limit Plaintiff's discovery requests, Litton is in essence, requesting that this Court issue a sanction upon Plaintiff because if Litton is ordered not to respond to Plaintiff's discovery requests, Plaintiff would not have received any discovery from Litton.

Accordingly, Fed.R.Civ.P. 16(f)(1)(c) provides that a court may issue <u>any just orders</u>, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or

---

[5] Although this pending Motion is styled, "Motion for Protective Order," in Litton's Reply Memorandum (Docket No. 42) Litton seems to amend its position by stating that "Litton's request is substantively more a general request to limit Plaintiff's discovery." However, in essence, Litton is still requesting that it not be required to respond to Plaintiff's discovery requests.

[6] P.'s Opp. Mem. to M. for Protective Order at 2, Docket No. 41.

[7] The Court notes that Rule 26(c)(1) also requires that the movant "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Such a certification does not appear to have been filed with the Court.

other pre-trial order."  Rule 37(b)(2)(A) provides for certain sanctions when a party does not obey a discovery order, *including*:  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey and order except an order to submit for physical or mental examination[8].

When determining the proper sanction the Court is to consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;…(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[9]"

Considering these factors, the Court finds that sanctions are not warranted at this time and pursuant to Rule 26(C)(2), the Court orders that Litton provide discovery to Plaintiff.  First, the Court finds that Litton has failed to identify any good cause or actual prejudice that has resulted from Plaintiffs' propounding discovery requests after the fact discovery deadline.  While the court recognizes that Plaintiff's failure to serve discovery until nine days after the deadline is inconvenient and perhaps frustrating, such frustration and inconvenience does not warrant the Plaintiff being denied discovery altogether in this case.  Further, Litton has not presented any evidence that the actual discovery requests themselves are objectionable or would be unduly burdensome to produce.  Thus, there is really no basis for the Court to limit the discovery requests as Litton requests in its Reply Memorandum because the Court has seen no examples of what discovery has been sought or is requested to be produced.

Second, the Court finds a minimal amount of interference with the judicial process.  As Plaintiff points out in his Opposition Memorandum, trial in this matter is set for February, 2013.  There is ample

---

[8] Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).
[9] Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

time for Litton to respond to Plaintiff's discovery requests without any delay to the progression of this case.  Third, Plaintiff has expressed that the reason for the delay was active settlement negotiations, not lack of oversight.  True, the Plaintiff could have requested that the Scheduling Order be amended but the Court finds that in this instance, the Plaintiff's level of culpability is low.

Fourth, the Court has not previously warned Plaintiff of the possibility of sanctions, but will now caution that future violations, including not producing initial disclosures to Litton, may result in sanctions, including terminating sanctions.  Lastly, the Court finds that sanctions are unnecessary at this time to effectuate compliance with this Court's discovery orders recited herein.

## CONCLUSION & ORDER

It is therefore ORDERED that Litton's Motion for Protective Order is DENIED.   Pursuant to Fed.R.Civ.P. 26(c)(2) and because there has been no discussion regarding the substance of Plaintiff's discovery requests, Litton is ORDERED to produce its answers, responses and any documents to Plaintiff within 21 days of this Order.  Moreover, if in fact, Plaintiff has not provided his initial disclosures to Litton, Plaintiff is HEREBY ORDERED within 14 days from the issuance of this Order to provide his initial disclosures to Litton.  Failure to comply with the Court's order may result in the imposition of sanctions, which will include attorney's fees and costs.   Furthermore, continued delinquencies by Plaintiff beyond the deadlines as set forth within the Scheduling Order, including failing to provide Defendants with initial disclosures may result in further sanctions.  The Court further ORDERS that the parties provide to the Court within 30 days from the date of this order an affidavit outlining Defendant's efforts in complying with Plaintiff's discovery requests and Plaintiff's efforts in producing initial disclosures to the Defendants.

DATED this 28 June 2012.

_____
Brooke C. Wells
United States Magistrate Judge